IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-40539

Summary Calendar
_____

WILLIE RAY McDONALD

Plaintiff-Appellant,

versus

WENDY M. WACKER, Mailroom Supervisor,
Michael Unit, Individually and in
official capacity, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
For the Eastern District of Texas
(6:96-CV-905)
_____

September 24, 1997

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Willie Ray McDonald, a prisoner in the Texas prison system, pro se and in forma pauperis, appeals the district court's dismissal of his civil rights complaint as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i)&(ii). McDonald contends that the district court abused its discretion in dismissing his claims. He argues that the magistrate judge

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

erroneously resolved disputed facts and that his complaint should not have been dismissed as frivolous prior to its service on the defendants.

McDonald's complaint originates from his purported mistreatment at the hands of the mailroom staff at his correctional facility. In April 1996, McDonald's family sent him some stationary purchased from a K-Mart store, but the prison's mailroom refused to accept the stationary, acting pursuant to prison regulations prohibiting the receipt of packages for prisoners from unrecognized vendors. McDonald contends that the mailroom's refusal to accept the package was in retaliation against him for his earlier filing of grievances against the mailroom staff. Furthermore, he argues that he had received K-Mart stationary in the past.

McDonald's complaint contains allegations against the Texas Department of Criminal Justice-Institutional Division (TDCJ-ID) and various mailroom employees in their official capacities. The Eleventh Amendment, however, bars suit for civil rights violations in federal court against state agencies and their employees in their official capacities. Kentucky v. Graham, 473 U.S. 159, 166-67 (1985). The TDCJ-ID is an instrumentality of the state, and therefore enjoys immunity from suit under the Eleventh Amendment. Harris v. Angelina County, 31 F.3d 331, 337 n.7 (5th Cir. 1994). Likewise, the Eleventh Amendment bars McDonald's claims against the mailroom employees in their official capacities.

The district court did not abuse its discretion in dismissing the suit against the remaining defendants. As the mailroom employees were simply following prison regulations, their conduct by itself does not raise the inference of retaliation. Moreover, McDonald alleges no additional facts supporting a retaliatory motive. Accordingly, his retaliation claim was properly dismissed as frivolous. See Whittington v. Lynaugh, 842 F.2d 818, 819 (5th Cir. 1988), cert. denied, 488 U.S. 840 (1988).

McDonald's due process claim is similarly meritless. McDonald contends that his due process rights were violated by the mailroom employees' failure to follow prison regulations concerning correspondence to inmates. Yet as we have noted previously, "[a] state's failure to follow its own procedural regulations does not establish a violation of due process, because constitutional minima may nevertheless have been met." Jackson v. Cain, 864 F.2d 1235, 1251-52 (5th Cir. 1989) (internal quotation and citation omitted). Here, McDonald's allegations that the defendants violated prison correspondence rules do not rise to the level of a constitutional violation. See Brewer v. Wilkinson, 3 F.3d 816, 825 (5th Cir. 1993), cert. denied, 510 U.S. 1123 (1994).

Hence, dismissal of the lawsuit is required. See 28 U.S.C. § 1915(e)(2)(B)(i)&(ii). The district court did not abuse its discretion in determining that McDonald's claims were frivolous, see Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997), and McDonald has failed to demonstrate that the district court resolved

3

disputed facts in reaching that conclusion, see Wilson v. Barrientos, 926 F.2d 480, 483 (5th Cir. 1991).

AFFIRMED.